```
SHULAM-MITE GF ONATO
EMELYN ONATO
Plaintiff(s) In Pro per
P.O. BOX 8792
COVINGTON, WA. 98042
```

FILED ___ ENTERED
LODGED ___ RECEIVED

JUN 15 2009

CLERK AT SEATTLE
U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SHULAM-MITE GF ONATO )  CASE NO: C09-0814 MJP
EMELYN ONATO )
 ) COMPLAINT UNDER THE TRUTH IN
           Plaintiff(s) ) LENDING ACT-15USC 1601 et seq.
 )
v ) JURY TRIAL DEMAND
 )
FREEMONT INVESTMENT & LOAN; )
VANDERBILT MORTGAGE AND FINANCE )
INC; and Does 1-10 )
 )
           Defendant(s) )

SEA 26870

NO Summons Issued

1. This is a TILA consumer action against a mortgage lender under 15 USC 1601 et. Seq. The district court has jurisdiction over it under 15 USC 1640(e). Venue is proper in this court because the transaction at issue occurred within this district.

2. Plaintiff SHULAM-MITE GF ONATO and EMELYN ONATO are individuals. They presently resides in Covington Washington. At the time of the transaction at issue in this matter, Plaintiffs resided in Kent, Washington.



09-CV-00814-CMP

3. Based on information and belief, Defendants FREEMONT INVESTMENTS & LOAN and VANDERBILT MORTGAGE AND FINANCE, INC, are corporations doing business in the district as home mortgage lenders.

4. Defendants Does 1-10 are those who have acquired an interest in the mortgage loan issue in this matter, either by assignment, succession, purchase, thuggery or other nefarious and not so nefarious means. Plaintiffs do not know their true names and therefore sues them under fictitious name, Doe. Plaintiff will amend his Complaint once they learns the true names of the Doe named Defendants.

5. Plaintiff Mrs. Onato is the widow of Arnel Onato. Together with her husband Mrs. Onato owned the home. Their primary residential property, located at 27401 144th Avenue, SE Kent, Washington.

6. Mr. Onato was a painter  He had a high school education. He and his wife purchased the subject home with a loan issued by Washington Mutual Bank.

7. Mr. Onato died in August 2007. Prior to his death, he was disabled due to heart disease.

8. After Mr. Onato had taken, and due to the deterioration in his health, Mr. And Mrs Onato fell behind on their loan

---
[1] COMPLAINT

2

obligations to Washington Mutual and were in default.

9. Freemont was at all times relevant a sub prime mortgage lender. At all times relevant, by pattern and practice, it would lend without regard to the borrowers ability to repay the loan.

10. On June 16th, 2006, Freemont issued Mr. And Mrs. Onato a "Sub prime Mortgage Loan" that was secured against their home in Kent. The loan, in the amount of $316,000. was issued to refinance the Onatos prior home loan.

11. Freemont issued the loan without disclosing the cost of it, including fees, and interest. It never provided Plaintiffs notice of their right to resend the loan. It loaned the money without regard to the consumer's ability to repay it.

12. In November 2007, doctors performed surgery on Mr. Onato. The surgery failed. On August 2007, Mr. Onato died.

13. In November 2006, Plaintiff's were informed that they were already in default on their loan and that foreclosure proceedings would soon be initiated. However, Freemont did not send the foreclosure notices. Instead, Vanderbilt, who now claims to own the loan, brought them. Moreover, the interest calculations on the loan are greater than what had

been represented when Plaintiffs agreed to it.

14. Vanderbilt did not carry through with the foreclosure. Nonetheless, it still asserts that Plaintiff's are contractually obligated to it under the loan for amounts far in excess to what was represented to them when they agreed to the loan, it also claims that it still has the right to proceed in foreclosure.

15. On June 8th, 2009, Plaintiff's sent a 15USC 1635 rescission letter to Vanderbilt and Freemont.

### FIRST CLAIM
### 15 USC 1635 Rescission Declaratory Relief
### Against All Defendants

16. Plaintiff's incorporates all preceding allegations as though alleged in full in this claim.

17. A judicial declaration of rights and obligations under 15 USC 1635(b) is necessary following Plaintiff's June 8th, 2009 loan rescission. Specifically, request is made for a judicial declaration as to both loans that:

    a. The loan is not secured against the property at this time;

    b. The loan is rescinded;

    c. In that Defendant's have failed to tender the return of funds and or exercise control over the property within

the time required. Plaintiff's own the property located at and owes nothing to either Defendant's or assignees.

## SECOND CLAIM

### FRAUD

### Against All Defendant's

18. Plaintiff's incorporates all preceding paragraphs as though alleged in full in this claim.

19. Defendants had a duty to disclose to Plaintiff's the costs associated with the loan. They also had a duty to disclose to Plaintiff's their right of rescission. Moreover, as a matter of law, it is a breach of TILA's disclosure obligations to engage in the practice of issuing loans with out regard to consumer's ability to repay it.

20. Defendants breached their disclosure duties described in paragraph 19.

21. Defendants also misrepresented the interest rate that would change on the loan.

22. Plaintiff reasonably relied on Defendants representation, to Plaintiff's detriment.

23. As a direct result of the above, Plaintiff's have been damaged.

---
COMPLAINT

3

## THIRD CLAIM

Declaratory Relief

Against All Defendants

24. Plaintiff's incorporates all proceeding paragraphs as though alleged in full in this claim.

25. A dispute exists concerning the rights, obligations, and duties of the parties concerning the loan at issue in this matter. Vanderbilt claims that it owns the loan and has the right to foreclose on it. Plaintiff's dispute these claims. Plaintiff's contend that Vanderbilt cannot foreclose on the loan because it does own the loan, and it does not have the note. Plaintiff's also contends that there is no statute of frauds sufficient writing to substantiate Vanderbilt's claim. The parties also dispute the interest rates required under the note.

26. A judicial determination is required declaring the rights of the parties is required.

WHEREFORE, Plaintiff's pray for judgment as follows:

FOR THE FIRST CLAIM:

    A. A judicial declaration that:

        1. The loan at issue is recended. Plaintiff's have no obligation under the loan to anyone.

2. The loan at issue is not secured against Plaintiff's property.

3. Freemont, Vanderbilt and/or its assignees are ordered to return to Plaintiff's all money defendants have received in payments on the loan.

4. Title to the property located at 27401 144th Street SE, Kent, Washington is transferred to Plaintiff's free and clear.

5. For cost, including attorney's fees.

6. For any other remedy that the Court deems just and proper.

FOR THE SECOND CLAIM

1. Actual damages;

2. Special damages;

3. Emotional distress;

4. Punitive damages

5. For all costs:

6. For any other remedy that the Court deems just and proper.

THIRD CLAIM

1. A declaration of rights that Vanderbilt does not have the right to foreclose on the property at issue

7

and that it has miscalculated the interest.

2. For costs, including attorney's fees.

Dated this 8th day of June 2009



_____
Shulam-mite Onato
Plaintiff In Pro per

_____
Emelyn Onato
Plaintiff In Pro per